**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4343**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CEDRIC DOUGLAS CANZATER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:24-cr-00613-CMC-1)

———————

Submitted:  July 16, 2026                      Decided:  July 20, 2026

———————

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Adam S. Ruffon, RUFFIN LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, Elle E. Klein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Douglas Canzater appeals the 180-month sentence imposed following his guilty plea to two counts of possession with intent to distribute and distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and four counts of possession with intent to distribute and distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court found that Canzater's prior 2008 drug conviction was a predicate serious drug felony for purposes of 21 U.S.C. § 841(b)(1)(A), thereby increasing the statutory mandatory minimum from 10 to 15 years' imprisonment. On appeal, Canzater argues that the district court erred by finding that his 2008 drug conviction was a predicate serious drug felony for purposes of § 841(b)(1)(A) because the Government did not prove that he was released from imprisonment for that offense "within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(58)(B). Specifically, he contends that his release date of May 3, 2013, was "artificial" because the 2008 drug conviction was a "last minute add on," tethered to, and fully subsumed by, his concurrent sentence, imposed on the same day, for a 2008 firearm conviction. We affirm.

We review de novo an appellant's claim that the district court erred in concluding that his prior conviction triggered 21 U.S.C. § 841(b)(1)(A)'s enhanced mandatory minimum. *United States v. Skaggs*, 23 F.4th 342, 345 (4th Cir. 2022). A defendant who commits "a violation [of § 841(a) punishable under § 841(b)(1)(A)] after a prior conviction for a serious drug felony . . . has become final[] . . . shall be sentenced to a term of imprisonment of not less than 15 years." 21 U.S.C. § 841(b)(1)(A). A "serious drug felony" is defined as "an offense described in [18 U.S.C. §] 924(e)(2) . . . for which – (A)

2

the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(58). An offense described in § 924(e)(2) includes "an offense under the Controlled Substances Act." 18 U.S.C. § 924(e)(2)(A)(i).

We have reviewed the record and conclude that Canzater's 2008 drug conviction qualifies as a "serious drug felony" under § 841(b). The district court sentenced Canzater for both the drug offense and the firearm offense on the same day in November 2008, imposing an 84-month sentence for each charge, to be served concurrently. Canzater was released from imprisonment on May 3, 2013. We have held that "concurrent sentences remain separate and distinct terms of imprisonment even though they are served simultaneously." *Skaggs*, 23 F.4th at 345 (finding appellant served more than 12 months' imprisonment for serious drug felony when sentenced to six 26-month concurrent sentences because he served each one in its entirety). Thus, Canzater served "one day of each of his" concurrent 84-month sentences at the same time—and, consequently, was released from these sentences at the same time. *See id.* As a result, we conclude that his May 2013 release from imprisonment for his 2008 drug conviction is within 15 years of commencement of the instant offense, which began in February 2023.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3